UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C. M. BUSTO,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE, et al.,<br><br>        Defendants. | Case No. 21-cv-02642-VKD<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER FOR REASSIGNMENT TO DISTRICT JUDGE; REPORT AND RECOMMENDATION RE DISMISSAL**<br><br>Re: Dkt. No. 2 |

Presently before the Court is Chad Michael Busto's application to proceed *in forma pauperis* ("IFP"). A court may authorize the commencement of a civil action IFP if the court is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating an IFP application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

While Mr. Busto's IFP application indicates that he has "Infinite" income from every resource listed on the form, Mr. Busto also notes "Infinite Debt and Expenses, too." Dkt. No. 2. This Court grants Mr. Busto's IFP application, but that does not mean that he may proceed with this action. For the reasons discussed below, this Court recommends that Mr. Busto's complaint

be dismissed.

Mr. Busto's complaint indicates that he seeks to sue "Google and Microsoft" for "Defamation/Fraud/Predication upon Deception," and that "[t]he amount at stake is An Infinite Monetary Net Worth." Dkt. No. 1 at 1-4. The complaint summarizes the basis for Mr. Busto's claims as follows:

> Microsoft and Google list celebrities and other people with monetary net worths. These people benefit monetarily (alot) off of those web pages. I am the first person in American History to claim An Infinite Monetary Net Worth on Federal Documents (Fed. court in Jan./Feb. and IRS return this year), and I deserve a web page with that listed.

*Id*. at 4. Appended to the complaint are pages titled "Evidence," in which Mr. Busto seems to indicate that he has been harmed by "the deceptive, defamatory, and fraudulent way googling people makes people think about any given individual" (Dkt. No. 1-2 at 16), and claims "I am you, you are me, and we are every human that has ever existed or will ever exist" (Dkt. No. 1-1 at 4-5).

The complaint's rambling and disparate allegations do not state a legally coherent theory of liability. Although Mr. Busto points out that a court in the Southern District of Texas granted his IFP application (Dkt. No. 3), that does not change this Court's conclusion that Mr. Busto's present complaint does not allege facts demonstrating that he has a cognizable claim for relief and that the complaint should be dismissed. Absent consent, however, a magistrate judge has no authority to issue a dispositive order. 28 U.S.C. § 636; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Ordinarily, the Court would recommend dismissal with leave to amend. However, the allegations of the complaint demonstrate that this action is frivolous. Therefore, this case shall be reassigned to a District Judge with the recommendation that the complaint be dismissed without leave to amend.

Mr. Busto may file an objection to this Report and Recommendation. Fed. R. Civ. P. 72. In view of the current COVID-19 public health emergency, this Court extends the deadline for

submitting objections to **May 10, 2021**.

**IT IS SO ORDERED.**

Dated: April 19, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

3